IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:12-CR-336-BO-1

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | **ORDER OF DETENTION PENDING** |
| | ) | **TRIAL** |
| XAVIER DESHAWN LYMAS, | ) | |
| | ) | |
| Defendant. | ) | |

This case came before the court today for hearing on the government's motion, pursuant to 18 U.S.C. § 3142(f), to detain defendant pending trial. The government presented the testimony of an officer with the Fayetteville Police Department on a Bureau of Alcohol, Tobacco, Firearms and Explosives task force. Defendant presented the testimony of the proposed third-party custodian, his sister. The court also reviewed the pretrial services report. After careful consideration pursuant to 18 U.S.C. § 3142(g) of the credible information and argument submitted, and based on the findings and reasons stated below and in open court, the court finds by clear and convincing evidence that there is no condition or combination of conditions that will reasonably assure the safety of any other person and the community before trial if defendant is released. The government's motion is therefore GRANTED.

## Background

Defendant was charged in an 8-count indictment on 3 October 2012 with: conspiracy to rob a business engaged in interstate commerce beginning in or about October 2011 and ending on or about 30 October 2011 in violation of 18 U.S.C. § 1951 (ct. 1); robbery of a business engaged in interstate commerce, and aiding and abetting the same, on or about 27 October 2011 (ct. 2) and on or about 30 October 2011 (ct. 6) in violation of 18 U.S.C. §§ 1951 and 2;

possession of a firearm in furtherance of a crime of violence, and aiding and abetting the same, on or about 27 October 2011 (ct. 3) and on or about 30 October 2011 (ct. 7) in violation of 18 U.S.C. §§ 924(c)(1)(A) and 2; and possession of firearms (*i.e.*, a shotgun and revolver) and ammunition on or about 30 October 2011 in violation of 18 U.S.C. §§ 922(g)(1) and 924 (ct. 8). The evidence presented at the hearing showed that the charges arise from an armed robbery by defendant and co-defendants of a convenience store in Fayetteville on 27 October 2011 and an attempted armed robbery by defendant and co-defendants of a convenience store in Hope Mills on 30 October 2011. While in the completed robbery on 27 October 2011 defendant was not among those carrying firearms, defendant was the person who took money out of the cash register. Prior to the 27 October 2011 robbery, defendant had robbed an individual of his cell phone at gun point.

In the attempted robbery on 30 October 2011, defendant was carrying firearms. Police were watching the convenience store on 30 October 2011 when defendant and a co-defendant entered it to commit the robbery, and they prevented the robbery from occurring. Defendant subsequently made a full confession to the robberies of the individual and the convenience store on 27 October 2011, and the attempted robbery on 30 October 2011. Other supporting evidence the government has include videotapes from the convenience stores.

## Discussion

Given the nature of the charges, the rebuttable presumption of detention in 18 U.S.C. § 3142(e)(3) applies, and the court has considered it, although defendant proffered sufficient evidence to shift the burden of production to the government. In addition to the presumption, the principal findings and reasons underlying the court's determination that detention is required include the following: evidence showing that the government has a strong case, including the

evidence reviewed above; the violent nature of the offenses charged; the circumstances of the offenses charged, including the multiplicity of the robberies, the use of firearms in the robberies, and defendant's carrying of firearms in the 30 October 2011 attempted robbery; defendant's criminal record, including two felony convictions for robbery for which he served a year's imprisonment; the danger of continued armed robberies by defendant if released; the unsuitability of the proposed third-party custodial arrangement due to defendant's absence from her home for work, the presence of minor children in the home, the proposed custodian's need to care for the children, and the extent of the risk of danger presented by defendant; and the other findings and reasons stated in open court.

The court considered evidence offered as mitigating, but finds that the factors favoring detention outweigh such evidence. Key is that defendant participated in three armed robberies after having served a year in prison for two prior robberies.

## **Conclusion**

IT IS THEREFORE ORDERED that defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

This, the 14th day of December 2012.

James E. Gates
United States Magistrate Judge